**IN THE UNITED STATES DISTRICT COURT FOR THE**

**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **JOSE IXPATAC,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-26-1185-G** |
| | ) | |
| **MARKWAYNE MULLIN, et al.** | ) | |
| | ) | |
| **Respondents.** | ) | |

## <u>REPORT AND RECOMMENDATION</u>

Petitioner Jose Ixpatac, a citizen of Guatemala proceeding *pro se*,[1] filed a petition

for writ of habeas corpus under 28 U.S.C. § 2241 ("Petition") challenging his detention by

the U.S. Immigration and Customs Enforcement ("ICE").[2]  (Doc. 1).[3]  United States

District Judge Charles B. Goodwin referred the matter to the undersigned Magistrate Judge

for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C).  (Doc. 4).  In

accordance with the expedited briefing schedule, (Doc. 5), Respondents timely filed a

Response, (Doc. 8), as well as a Notice to the Court with updated information, (Doc. 9).

---

[1] A *pro se* litigant's pleadings are liberally construed "and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991); *see Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam).  But the court cannot serve as Petitioner's advocate, creating arguments on his behalf.  *See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008).

[2] Petitioner is housed at Cimarron Correctional Facility in Cushing, Oklahoma.  (Doc. 1, at 1).

[3] Citations to the parties' filings and attached exhibits will refer to this Court's CM/ECF pagination.

For the reasons set forth below, the undersigned recommends the Petition be **DENIED** because Petitioner is currently subject to mandatory detention.

## I.    Factual Background

Petitioner is a citizen of Guatemala who was admitted to the United States on or about April 7, 2007.  (Doc. 8, at Ex. 1).  He became a lawful permanent resident on April 24, 2007.  (*Id*. at Ex. 2, at 2).  On December 16, 2025, ICE issued a warrant for Petitioner's arrest, (*id*. at Ex. 5), and he was detained and placed in removal proceedings through the issuance of a Notice to Appear.  (*Id*. at Ex. 1).  Petitioner was charged as removable due to his criminal convictions in 2024 and his violation of a protective order in 2025. (*Id*. at Exs. 1, 6).  Petitioner filed the instant Petition on May 13, 2026.  (Doc. 1, at 8).

On June 18, 2026, an immigration judge ordered Petitioner's removal to Guatemala. (Doc. 9, at Ex. 2, at 3).  Petitioner waived his right to appeal.  (*Id*. at 4).  *See also* EOIR Automated Case Information, https://acis.eoir.justice.gov/en/caseInformation (last accessed July 31, 2026).

## II.    Petitioner's Claims and Respondents' Responses

Petitioner makes the following claims in support of his Petition:

1.    "Excess prolonged detention of six months."  (Doc. 1, at 6).

2.    "Immigration and customs enforcement regulation in violation of due process."  (*Id*.)

3.    "Violation of Regulation under the Administrative Procedure Act."  (*Id*.)

As the factual basis for each of these claims, Petitioner states that he has been detained and held by ICE for almost six months even though he "had already proved to them tha[t] [he

is] a legal permanent resident" by sending proof of his green card. (*Id*.) As relief Petitioner requests immediate release from custody. (*Id*. at 7).

In their initial Response, filed June 9, 2026, Respondents asserted that Petitioner was properly detained pursuant to 8 U.S.C. § 1226(c)(1)(B), which allows for the detention of non-citizens convicted of certain crimes. (Doc. 8, at 6). In their Notice to the Court, filed June 24, 2026, Respondents assert that Petitioner's order of removal is final and he is now properly detained pursuant to 8 U.S.C. § 1231(a). (Doc. 9).

## III.    Standard of Review

To obtain habeas corpus relief, Petitioner must show that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "Challenges to immigration detention are properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis*, 533 U.S. 678, 687-88 (2001)).

## IV.    Petitioner Is Currently Detained Within the Removal Period and Subject to Mandatory Detention.

Prior to the entry of a removal order, 8 U.S.C. § 1225 and § 1226 govern the detention of aliens. An alien detained under § 1226(a) is entitled to a bond hearing at which he can argue to an immigration judge that he should be released while he awaits removal proceedings because he is not a danger to others or at risk for non-appearance. *See Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) ("Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention.") (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1)).

"After the pre-removal period concludes, the statutory authority to detain an alien shifts to 8 U.S.C. § 1231." *Carbajal v. Holder*, 43 F. Supp. 3d 1184, 1188 (D. Colo. 2014). Under 8 U.S.C. § 1231(a)(2)(A), a non-citizen is subject to a 90-day removal period, where detention is mandatory. *Id.* at 1189 ("[W]hen an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days . . . . During the removal period, the Attorney General shall detain the alien.") (quoting 8 U.S.C. § 1231(a)). This shift from the "pre-removal" period under § 1225 and § 1226 to the "removal" period under § 1231(a) is triggered by the latest of three events:

(i)     The date the order of removal becomes administratively final.

(ii)    If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.

(iii)   If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

8 U.S.C. § 1231(a)(1)(B). A removal order typically becomes administratively final "upon the earlier of": "a determination by the Board of Immigration Appeals affirming such order" or "the expiration of the period in which the alien is permitted to seek review of such order by the Board of Immigration Appeals." 8 U.S.C. § 1101(a)(47)(B). However, "the decision of the Immigration Judge" may also "become[] final upon waiver of appeal." 8 C.F.R. § 1003.39; *see, e.g.*, *Muradyan v. Warden, Otay Mesa Det. Ctr.*, No. 3:26-cv-63-CAB-AHG, 2026 WL 184206, at *2 (S.D. Cal. Jan. 23, 2026) ("Petitioner was ordered removed on September 30, 2025, and because he waived his right to appeal, his order of removal became administratively final the same day.") (citation omitted).

4

Thus, Petitioner's pre-removal-order period ended on June 18, 2026, when he was ordered removed and he waived his right to appeal to the BIA. Petitioner is presently subject to § 1231(a)(2)(A), which mandates detention without bond for 90 days, or until September 16, 2026. Accordingly, Petitioner's claims that his present immigration detention is unlawful are without merit. Any claims as they relate to his pre-removal-order detention are now moot. *See Carbajal v. Holder*, 43 F. Supp. 3d 1184, 1189 (D. Colo. 2014) (collecting cases, and stating "[a]pplicant's claims challenging his mandatory detention without an individualized bond hearing during the pre-removal period now are moot because the Board of Immigration Appeals dismissed his administrative appeal on December 27, 2013, thereby affirming the order of removal"); *Oyelude v. Chertoff*, 170 F. App'x 366, 367 n.4 (5th Cir. 2006) ("Oyelude's challenge to his § 1226 detention was mooted on June 23, 2004[,] when his final removal order was entered and the Attorney General's authority to detain him shifted to § 1231.").

## V.      Recommendation and Notice of Right to Object

For the reasons discussed above, the undersigned recommends that the Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Doc. 1) be **DENIED**.

**The Court advises the parties of their right to object to this Report and Recommendation by August 7, 2026**, under 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2).[4] The Court advises the parties that failure to make timely objection to this report

---

[4] Given the expedited nature of these proceedings, the undersigned has reduced the typical objection time to Report and Recommendations. *See* Fed. R. Civ. P. 72(b)(2) advisory committee's note to 1983 addition (noting that rule establishing 14-day response time "does not extend to habeas corpus petitions, which are covered by the specific rules relating

and recommendation waives their right to appellate review of both factual and legal issues contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge and terminates the referral unless and until the matter is re-referred.

**ENTERED** this 31st day of July, 2026.

AMANDA L. MAXFIELD
UNITED STATES MAGISTRATE JUDGE

---

to proceedings under Sections 2254 and 2255 of Title 28."); *see also Whitmore v. Parker,* 484 F. App'x 227, 231, 231 n.2 (10th Cir. 2012) ("The Rules Governing § 2254 Cases may be applied discretionarily to habeas petitions under § 2241" and that "while the Federal Rules of Civil Procedure may be applied in habeas proceedings, they need not be in every instance – particularly where strict application would undermine the habeas review process.").